# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

KEVIN J. WOODLAND,

Appellant,

v.

DEPARTMENT OF THE NAVY,

Agency.

DOCKET NUMBER
SF-3443-16-0124-I-1

DATE: September 19, 2016

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Robert Mika, Bremerton, Washington, for the appellant.

Matthew D. Dunand, Bremerton, Washington, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1  The appellant has filed a petition for review of the initial decision, which dismissed for lack of jurisdiction his appeal regarding a performance appraisal and a nonselection for promotion. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).  After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision.  5 C.F.R. § 1201.113(b).

## DISCUSSION OF ARGUMENTS ON REVIEW

¶2        The appellant, a WG-5210-10 Rigger, filed this appeal alleging that the agency did not select him for a promotion and scored him lower on his 2015 performance appraisal in retaliation for his equal employment opportunity (EEO) activity and due to discrimination based on age and disability.  Initial Appeal File (IAF), Tab 1 at 4, 6.  The administrative judge issued the parties a jurisdictional show cause order.  IAF, Tab 2 at 2-5.  The appellant filed a response consisting of an email exchange that appeared to address the merits of the case without addressing the jurisdictional issues.  IAF, Tab 3.  The agency filed a motion to dismiss for lack of jurisdiction, asserting that the challenged actions are not within the Board's adverse action jurisdiction.  IAF, Tab 6.  The administrative judge dismissed the appeal for lack of jurisdiction without holding a hearing.  IAF, Tab 7, Initial Decision (ID).  The administrative judge found that the appellant failed to nonfrivolously allege that he had been subjected to an appealable adverse action.  ID at 2-3.  She further found that the appellant failed to establish jurisdiction over this matter as an individual right of action (IRA) appeal because he did not first exhaust his remedies with the Office of Special

Counsel (OSC) regarding any reprisal claim or make a nonfrivolous allegation that he made a protected disclosure or engaged in protected activity within the meaning of 5 U.S.C. § 2302(b)(8) or (b)(9)(A)(i), (B)-(D).  ID at 3-4.

¶3        The appellant has filed a petition for review, stating that he has new information that a less qualified worker was promoted, which he claims is further evidence supporting his retaliation claim.  Petition for Review (PFR) File, Tab 1 at 2.  He asserts that he should not have to go first to OSC because this is a "mixed case."  *Id.*  He also states that an employee may pursue a whistleblower reprisal claim in an IRA appeal with the Board in connection with types of personnel actions that are not directly appealable to the Board.  *Id.* at 2-3.

¶4        As stated in the initial decision, the Board's jurisdiction is limited to those matters over which it has been given jurisdiction by law, rule, or regulation. ID at 2 (citing *Maddox v. Merit Systems Protection Board*, 759 F.2d 9, 10 (Fed. Cir. 1985)).  Neither a nonselection for a promotion nor a performance rating is an appealable adverse action pursuant to 5 U.S.C. chapter 75.[2] 5 U.S.C. §§ 7512, 7513(d).  The Board lacks jurisdiction to consider the appellant's claims of discrimination and retaliation for EEO activity in connection with these nonappealable actions.  *See Lethridge v. U.S. Postal Service*, 99 M.S.P.R. 675, ¶¶ 8-9 (2005); *see also Wren v. Department of the Army*, 2 M.S.P.R. 1, 2 (1980) (holding that prohibited personnel practices under 5 U.S.C. § 2302(b) are not an independent source of Board jurisdiction), *aff'd*, 681 F.2d 867, 871‑73 (D.C. Cir. 1982).  Because the appellant has not alleged that he was subjected to an action that is appealable to the Board, his appeal is not a mixed-case appeal.  *See Lethridge*, 99 M.S.P.R. 675, ¶ 9 (explaining that a mixed-case appeal involves an action that is appealable to the Board and an allegation that the appealable action

---

[2] The appellant did not make any allegations that would implicate the Board's jurisdiction over such matters pursuant to the Veterans Employment Opportunities Act of 1998 or the Uniformed Services Employment and Reemployment Rights Act of 1994 (codified at 38 U.S.C. §§ 4301-4333).  *See Becker v. Department of Veterans Affairs*, 107 M.S.P.R. 327, ¶¶ 5, 9-13 (2007).

is based on prohibited discrimination) (citing 5 C.F.R. § 1201.115(a)(1); 29 C.F.R. § 1614.302(a)(2)).   Thus, we find no basis for finding jurisdiction pursuant to 5 U.S.C. chapter 75 or as a mixed-case appeal.   The appellant's alleged new evidence, PFR File, Tab 1 at 2, is immaterial to the jurisdictional issue.

¶5        We further find that the administrative judge correctly concluded that the Board lacks jurisdiction over this matter as an IRA appeal because the appellant failed to demonstrate that he first exhausted his remedies with OSC regarding any reprisal claims.   ID at 2-3.   The appellant admitted on his initial appeal form that he had not filed a complaint with OSC.   IAF, Tab 1.   On review, he has not asserted any error in the administrative judge's factual finding that he did not file a complaint with OSC.   PFR File, Tab 1; ID at 3.   Rather, he merely asserts that he should not have to exhaust with OSC because he is alleging retaliation for EEO activity.   PFR File, Tab 1 at 2.   It is well settled, however, that an individual must first exhaust his administrative remedies with OSC before bringing an IRA appeal to the Board.   5 U.S.C. §§ 1214(a)(3), 1221; *Corthell v. Department of Homeland Security*, 123 M.S.P.R. 417, ¶ 8 (2016); *see Yunus v. Department of Veterans Affairs*, 242 F.3d 1367, 1371 (Fed. Cir. 2001).   Because the appellant did not file a complaint with OSC, the Board cannot assert jurisdiction over this matter as an IRA appeal.[3]

¶6        For the foregoing reasons, we find that the administrative judge properly dismissed this appeal for lack of jurisdiction without holding a hearing.

---

[3] Because we find that the appellant failed to exhaust his remedies with OSC regarding any reprisal claim, we do not reach the issue of whether he has alleged that he made any disclosure or engaged in any activity that would be protected by 5 U.S.C. § 2302(b)(8), (b)(9)(A)(i) or (B)-(D).

**NOTICE TO THE APPELLANT REGARDING
YOUR FURTHER REVIEW RIGHTS**

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit.

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you want to request review of the Board's decision concerning your claims of prohibited personnel practices under 5 U.S.C. § 2302(b)(8), (b)(9)(A)(i), (b)(9)(B), (b)(9)(C), or (b)(9)(D), but you do not want to challenge the Board's disposition of any other claims of prohibited personnel practices, you may request review of this final decision by the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction. The court of appeals must receive your petition for review within 60 days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(B) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. You may choose to request review of the Board's decision in the U.S. Court of Appeals for the Federal Circuit or any other court of appeals of competent jurisdiction, but not both. Once you choose to seek review in one court of appeals, you may be precluded from seeking review in any other court.

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information about the U.S. Court of Appeals for the Federal Circuit is

available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11. Additional information about other courts of appeals can be found at their respective websites, which can be accessed through the link below: http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                    _____
                                  Jennifer Everling
                                  Acting Clerk of the Board

Washington, D.C.